IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHERMAN WILSON, *Plaintiff* | § § § | |
| v. | § § | No. 1:25-cv-01110-ADA-SH |
| OFFICER ANDIARA CODERO, *Defendant* | § § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ALAN D ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Complaint (Dkt. 1) and Application to Proceed in District Court Without Paying Fees or Costs (Dkt. 2), both filed July 17, 2025.[1]

### I.  Background

This is Plaintiff Sherman Wilson's fourth *pro se* lawsuit related to his arrest by Austin Police Department ("APD") officers on June 23, 2022. *Wilson v. APD*, No. 1:23-cv-00233-RP (W.D. Tex. March 1, 2023); *Wilson v. Codero*, No. 1:23-cv-01265-DAE (W.D. Tex. Oct. 18, 2023); *Wilson v. Cilento*, No. 1:24-cv-01047-ADA (W.D. Tex. Jan. 3, 2025).[2] Wilson filed his first suit against APD on March 1, 2023, alleging that he was shot with a beanbag despite complying with officers' instructions to drop a weapon he had been holding, a "BB pistol that

---

[1] The District Court referred all pending and future nondispositive motions in this case to this Magistrate Judge for resolution and dispositive motions for report and recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

[2] "A court may take judicial notice of related proceedings and records in cases before the same court." *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985).

1

didn't work," constituting excessive force. No. 1:23-cv-00233-RP, Dkt. 1 at 4. The District Court dismissed the suit for failure to state a plausible claim for relief on May 26, 2023.

Five months later, Wilson filed a second against three APD officers and two neighbors who allegedly made false statements to the police that led to his arrest. No. 1:23-cv-01265-DAE. He alleged that APD Officer Andiara Cordero[3] shot him with the beanbag round. Dkt. 1 at 5. When both parties moved for summary judgment, Cordero submitted video evidence that not she but APD Officer Cilento shot the beanbag. *Id.* at Dkt. 45 at 7. The evidence also showed that "although Wilson had his hands in the air when he was shot, he was also holding a gun and not following numerous, repeated, instructions to 'drop it!' and 'drop the gun!'" *Id.* On December 16, 2024, the Court dismissed Wilson's claims against Cordero with prejudice and his claims against the other two APD Officers and his neighbors without prejudice. Dkt. 48. He did not appeal.

Wilson filed his third suit on September 9, 2024. No. 1:24-cv-01047-ADA. Naming Cilento and the City of Austin, he alleged excessive force and that APD officers failed to disclose the identity of the beanbag shooter for two years so his claim would be barred by the statute of limitations. *Id.* at Dkt. 6 at 2. The Court dismissed Wilson's claim against the City as frivolous on January 3, 2025, but his claim against Cilento remains pending. *Id.* at Dkt. 10.

Wilson now sues Cordero for a second time, alleging that she willfully failed to disclose the true identity of the beanbag shooter in a "malicious attempt" to exhaust the statute of limitations on a claim for excessive force against Cilento. Dkt. 1 at 4.

## II.   Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such

---

[3] It appears Wilson has misspelled Cordero's name. No. 1:23-cv-01265-DAE at Dkt. 9 at 3 n. 1.

2

fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

Finding that Wilson cannot pay the filing fee without experiencing undue financial hardship, the Court **GRANTS** him *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to later determination that the action should be dismissed if the allegation of poverty is untrue, or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Wilson at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has reviewed Wilson's Complaint under § 1915(e)(2) and recommends that his lawsuit be dismissed. Service should be withheld pending the District Court's review of this recommendation.

### III.     Frivolousness Review Under Section 1915(e)(2)

Because Wilson has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court liberally construes the pleadings of litigants who proceed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the

judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

A district court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325. A complaint is malicious and subject to dismissal if it duplicates allegations asserted in a pending action by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Id.*

In his civil rights suit against Cilento, Wilson alleges that APD officers concealed the identity of the officer who shot him with the beanbag round to render his "excessive force lawsuit time barred." No. 1:24-cv-01047-ADA, Dkt. 6 at 2. Because he has pending litigation asserting the same claim as in this suit, this Complaint is malicious and must be dismissed. *Pittman*, 980 F.2d at 995 (stating that "it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). Wilson is free to file a motion for leave to add Cordero as a defendant in his pending case.

### IV.   Order and Recommendation

The Court **GRANTS** Plaintiff Sherman Wilson's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit with prejudice as duplicative and malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court further **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 25, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE